| United States Bankruptcy Court<br>**WESTERN DISTRICT** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Brown, Jeremey K.** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Brown, Lisa M.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (If more than one, state all):<br>**7780** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (If more than one, state all): **0683** |
| Street Address of Debtor (No. & Street, City, and State):<br>**312 13th St**<br>**Gold Bar, WA**<br>ZIPCODE: 98251 | Street Address of Joint Debtor (No. & Street, City, and State):<br>**312 13th St**<br>**Gold Bar, WA**<br>ZIPCODE: 98251 |
| County of Residence or of the Principal Place of Business:<br>**Snohomish** | County of Residence or of the Principal Place of Business:<br>**Snohomish** |
| Mailing Address of Debtor (if different from street address):<br>**312 13th St**<br>**Gold Bar, WA**<br>ZIPCODE: 98251 | Mailing Address of Joint Debtor (if different from street address):<br>**312 13th St**<br>**Gold Bar, WA**<br>ZIPCODE: 98251 |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE: | |

| **Type of Debtor**<br>(Form of Organization) | **Nature of Business**<br>(Check one Box) | **Chapter of Bankruptcy Code Under Which the Petition is Filed:** |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.* | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 13 |

**Nature of Business** (Check one Box)

**Tax-exempt Entity**
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code

**Nature of Debts**

■ Debts are primarily consumer debts, defined in 11 U.S.C § 101(8)as 'incurred by an individual primarily for a personal, family, or household purpose.'

| **Filing Fee** | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached | **Check one box:**<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is a not small business as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor 's aggregate noncontingent liquidated debts (excluding owed to insiders or affiliates) are less than $2 million.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| | |
|---|---|
| Estimated Number of Creditors | ■1 to 49 |
| Estimated Assets | ■$100,001 to $500,000 |
| Estimated Debts | ■$100,001 to $500,000 |

| Voluntary petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br><br>**Jeremey K. Brown and Lisa M. Brown** | |
|---|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:<br><br>none | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| <div align="center">**Exhibit A**</div><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition | <div align="center">**Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)</div>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>/s/ Tom S. Hyde<br>Tom S. Hyde      November _16___ , 2010 |
|---|---|

| <div align="center">**Exhibit C**</div>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐  Yes, and Exhibit C is attached and made a part of this petition<br><br>■  No |
|---|

| <div align="center">**Exhibit D**</div>■   Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>■   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |
|---|

| <div align="center">**Information Regarding the Debtor – Venue**<br>(Check any applicable box)</div>■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District<br><br>☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |
|---|

| <div align="center">**Certification by a Debtor who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.)</div>☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)<br><br><div align="center">_____<br>(Name of landlord that obtained judgment)</div><br><div align="center">_____<br>(Address of Landlord)</div><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br>☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
|---|

| Voluntary petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br><br>**Jeremey K. Brown and Lisa M. Brown** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative of a Recognized Foreign Proceedings** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br><br>/s/ Jeremey K. Brown<br>Jeremey K. Brown<br><br><br>/s/ Lisa M. Brown<br>Lisa M. Brown<br><br>November   16___, 2010 | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.<br><br>☐  **Pursuant to** § 1515 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br><br>X Not Applicable _____ _ |

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| in a case in which  §707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect<br><br>/s/ Tom S. Hyde<br>Tom S. Hyde<br>2722 Colby Ave<br>Suite 602<br>(425) 339-8000<br><br>November _16___, 2010 | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official For 19B is attached. |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the Debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X Not Applicable _____ _ | X Not Applicable _____ _<br><br>Signature of bankruptcy preparer or officer, principal, responsible person, or partner whose Social Security number is provided above<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy preparer is not an individual.  IF more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.  A bankruptcy preparer petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fine or imprisonment or both.  11. U.S.C. §110; 18 U.S.C. §156 |

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re Jeremey K. Brown and Lisa M. Brown,

      Debtors

Case No.

## EXHIBIT D – INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

□ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waive of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]*

_____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of**

**your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.):

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.):

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signed at __Gold Bar_____, Washington, on November _16___, 2010.


/s/ Jeremey K. Brown
Jeremey K. Brown

B10-119

## UNITED STATES BANKRUPTCY COURT
### Western District of Washington

In re Jeremey K. Brown and Lisa M. Brown,

      Debtors

Case No.

### EXHIBIT D – INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

□ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waive of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]*

_____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not**

**satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**


　　　□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
　　　　　□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.):
　　　　　□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.):
　　　　　□ Active military duty in a military combat zone.


　　　□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

　　　I certify under penalty of perjury that the information provided above is true and correct.

Signed at ___Gold Bar_____, Washington, on November _16___, 2010.



　　　　　　　　　　　　　　　　　/s/ Lisa M. Brown
　　　　　　　　　　　　　　　　　Lisa M. Brown

B10-119

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re  Jeremey K. Brown and Lisa M. Brown, Debtors         Case No.

Chapter 13

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7,11, or 13.

### AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | Yes | 1 | $169,260.00 | | |
| B – Personal Property | Yes | 3 | $41,585.50 | | |
| C – Property Claimed as Exempt | Yes | 2 | | | |
| D – Creditors Holding Secured Claims | Yes | 2 | | $257,995.49 | |
| E – Creditors Holding Unsecured Priority Claims | Yes | 2 | | $0.00 | |
| F – Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $30,600.38 | |
| G – Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H – Codebtors | Yes | 1 | | | |
| I – Current Income of Individual Debtor(s) | Yes | 1 | | | $6,920.09 |
| J – Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $6,869.80 |
| Total | | 14 | $210,845.50 | $288,595.87 | |

# UNITED STATES BANKRUPTCY COURT

## Western District of Washington

In re  Jeremey K. Brown and Lisa M. Brown, Debtors          Case No.

                                                            Chapter 13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| Total | $0.00 |

**State the following**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $6,920.09 |
| Average Expenses (from Schedule J, Line 18) | $6,869.80 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20) | $8,064.54 |

**State the following**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $30,600.38 |
| 5. Total of non-priority unsecured debt (sum of 1,3, and 4) | | $30,600.38 |

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(B) OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

**1.  Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge**. The clerk also has a list of approved financial management instructional courses.

**2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors.**

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you file the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**
1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve you plan before it can take effect.
3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1,000 filing fee, $39 administrative fee: Total fee $1039)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**
Chapter 12 is designed to permit family farmers and fisherman to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.** **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING**: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding you creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

<div align="center"><strong>Certificate of the Debtor</strong></div>

We, the debtors, affirm that we have received and read this notice.

Jeremey K. Brown and Lisa M. Brown

November _16___, 2010          /s/ Jeremey K. Brown
                              Jeremey K. Brown

November _16___, 2010          /s/ Lisa M. Brown
                              Lisa M. Brown

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors             Case No.

1.      Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3500.00
Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . $575.00
Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2925.00

2.      The source of the compensation paid to me was:

      ■ Debtor          □ Other (specify)

3.      The source of compensation to be paid to me is:

      ■ Debtor          □ Other (specify)

4      ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm

      □ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.      In return for the above-disclosed fee, I have agreed to render legal services in all aspects of the main bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Providing a complete copy of the petition, schedules, statement of affairs, and any plan;
    d.  Sending written notification of the date and time of the meeting of creditors;
    e.  Representation of the debtor at the first scheduled meeting of creditors and confirmation hearing;
    f.  Advising the debtor regarding actions and threatened actions by creditors;
    g.  Advising the debtor regarding the effects or reaffirming debts;
    h.  Advising and reminding the debtor regarding required post petition financial statements and certification of completion of debt counseling;
    i.  Providing required post petition financial statements and tax returns to the trustee;
    j.  Filing certification of completion of debt counseling;
    k.  Preparation and filing of any amended plan;
    l.  Filing motion for confirmation of any plan; and
    m.  Avoiding liens disclosed pre-petition.

6.      By agreement with the debtor(s), the above-disclosed fee does not include the following services:

    a.  Amending schedules to add creditors or to correct information incompletely or erroneously supplied;
    b.  Avoiding liens disclosed or discovered post petition;
    c.  Representation of the debtor in adversary proceedings or other contested bankruptcy matters;
    d.  Recovering garnished funds or repossessed property;
    e.  Negotiating, drafting, or reviewing reaffirmation agreements.
    f.  Attending continued meetings of creditors;

g.   Attending meetings of creditors when I am unavailable.

h.   Responding to trustee audit requests.

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

November _16___, 2010             /s/ Tom S. Hyde
                                  Tom S. Hyde, WSBA # 20509
                                  Attorney for Debtors

B10-119

In re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H." "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."   If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G – Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D. If no entity claims to hold a secured interest in the property, write "none" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Real property 312 13th St, Gold Bar, WA 98251 est value $186,000 less an est 9% cost of sale for an est value of $169,260.00 : Owe $246,533.00. There is no est equity in this property. | Fee Simple | C | 169,260.00 | 246,533.00 |

Total ▶  $169,260.00

(Report also on Summary of Schedules)

In re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place and "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H." "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C – Property Claimed as Exempt."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G – Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of PropertyIf the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | C | 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage housed, or cooperatives. | | Union Bank/Frontier Bank checking a/c#...3412 $150 First Heritage (HSA) savings a/c#...9053 | C | 150.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | ■ | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment | | Household furnishings at residence | C | 2000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | ■ | | | |
| 6. Wearing apparel. | | Wearing apparel at residence | C | 500.00 |
| 7. Furs and Jewelry. | | Jewelry at residence | C | 500.00 |
| 8. Firearms and sport, photographic, and other hobby equipment. | ■ | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | ■ | | | |
| 10. Annuities.  Itemize and name each issuer. | ■ | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (file separately the record(s) of any such interest(s).  11 U.S.C. § 521(c) | ■ | | | |

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors          Case No.

# SCHEDULE B – PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUG DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401(k) with Sno Country Value $1,498.75<br>401(k) with MFD Value $1,011.74 | C | 2,510.49 |
| 13. Stock and interests in incorporated and unincorporated businesses. | ■ | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | ■ | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | ■ | | | |
| 16. Accounts Receivable. | ■ | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give Particulars. | | Back Child Support against David Motter Value $18,650.01 | C | 18,650.01 |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | ■ | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | ■ | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | ■ | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | ■ | | | |

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors                                      Case No.

## SCHEDULE B – PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUG DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars | ■ | | | |
| 23. Licenses, franchises, and other general intangibles.  Give Particulars | ■ | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal , family, or household purposes. | ■ | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Ford Fusion Value $9,275 : Owe $8,208.16<br>2000 Ford Explorer Value $3,125 : Owe $3,254.33<br>1994 Ford F350 Value $3,000<br>1991 Oldsmobile Bravada Value $250<br>1993 Ford Escort 2-Dr Hatchback Value $250<br>1995 Escort Wagon Value $250 (Not running)<br>1965 Ford Pick Up Value $100 (Not Running) | C | 16,250.00 |
| 26. Boats, motors, and accessories. | | 1973 Bayliner Mutiny w/ Trailer Value $1000<br>1979 Reinell 26ft Value $0 (Shell only) | C | 1000.00 |
| 27. Aircraft and accessories. | ■ | | | |
| 28. Office equipment, furnishings, and supplies. | ■ | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | ■ | | | |
| 30. Inventory. | ■ | | | |
| 31. Animals. | | 4 Dogs, 1 Cat | C | 5.00 |
| 32. Crops – growing or harvested.  Give particulars. | ■ | | | |
| 33. Farming equipment and implements. | ■ | | | |
| 34. Farm supplies, chemicals, and feed. | ■ | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | ■ | | | |

In re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

## SCHEDULE C –PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds $146,450*

■ 11 U.S.C. § 522(b)(2):

☐ 11 U.S.C. § 522(b)(3):

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Real property 312 13th St, Gold Bar, WA 98251 est value $186,000 less an est 9% cost of sale for an est value of $169,260.00 : Owe $246,533.00. There is no est equity in this property. | 11 USC § 522(d)(1) | | 169,260.00 |
| Cash on hand | 11 USC § 522(d)(5) | 20.00 | 20.00 |
| Union Bank/Frontier Bank checking a/c#...3412 $150 | 11 USC § 522(d)(5) | 150.00 | 150.00 |
| First Heritage (HSA) savings a/c#...9053 | | | |
| Household furnishings at residence | 11 USC § 522(d)(3) | 2000.00 | 2000.00 |
| Wearing apparel at residence | 11 USC § 522(d)(3) | 500.00 | 500.00 |
| Jewelry at residence | 11 USC § 522(d)(3) & (d)(4 | 500.00 | 500.00 |
| 401(k) with Sno Country Value $1,498.75 | 11 USC § 522(d)(10) & (d)(12) | 2,510.49 | 2,510.49 |
| 401(k) with MFD Value $1,011.74 | | | |
| Back Child Support against David Motter Value $18,650.01 | 11 USC § 522(d)(10)(D) | 18,650.01 | 18,650.01 |

*Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced to cases commenced on or after the date of adjustment

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

## SCHEDULE C –PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2006 Ford Fusion Value $9,275 : Owe $8,208.16<br>2000 Ford Explorer Value $3,125 : Owe $3,254.33<br>1994 Ford F350 Value $3,000<br>1991 Oldsmobile Bravada Value $250<br>1993 Ford Escort 2-Dr Hatchback Value $250<br>1995 Escort Wagon Value $250 (Not running)<br>1965 Ford Pick Up Value $100 (Not Running)<br>1973 Bayliner Mutiny w/ Trailer Value $1000<br>1979 Reinell 26ft Value $0 (Shell only) | 11 USC § 522(d)(2)&(d)(5)<br><br><br><br><br><br>11 USC § 522(d)(5) | 4,787.51<br><br><br><br><br><br>1000.00 | 16,250.00<br><br><br><br><br><br>1000.00 |
| 4 Dogs, 1 Cat | 11 USC § 522(d)(3) | 5.00 | 5.00 |

In re  Jeremey K. Brown and Lisa M. Brown, Debtors                                     Case No. _____

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, or both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C"  in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place and "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on  the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 0259 <br><br> B of A <br> 450 American St <br> Simi Valley, CA 93065 | | | 2007 <br> Mortgage <br><br> Value $169,260.00 | | | | $182,435.00 | |
| Account No. 0992 <br><br> B of A <br> 450 American St <br> SimiValley, CA 93056 | | | 2007 <br> Mortgage <br><br> Value $169,260.00 | | | | $64,098.00 | |
| Account No. 3627 <br><br> FMC <br> POB 7172 <br> Pasadena, CA 91109 | | | 2006 <br> Car Loan <br><br> Value $8,208.16 | | | | $8,208.16 | |

1 Continuations sheets Attached       Subtotal ▶     $254,741.16     $0.00

Total ▶
(Use only on last page)

(Report Also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

In re  Jeremey K. Brown and Lisa M. Brown, Debtors                          Case No.

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 6473<br><br>Wells Fargo<br>POB 25341<br>Santa Ana, CA 92799 | | | 2009<br>Car Loan<br><br>Value $3,125.00 | | | | $3,254.33 | |
| Account No. 6473 | | | <br>Value | | | | | |
| Account No. 6473 | | | <br>Value | | | | | |
| Account No. 6473 | | | <br>Value | | | | | |
| Account No. 6473 | | | <br>Value | | | | | |
| Sheet 1 of 1 continuation sheets attached to Schedule C of Creditors Holding Secured Claims | | | Subtotal ▶ | | | | $3,254.33 | $0.00 |
| | | | Total ▶<br>(Use only on last page) | | | | $257,995.49 | $0.00 |
| | | | | | | | (Report Also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re  Jeremey K. Brown and Lisa M. Brown, Debtors                                        Case No.

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.  Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors.  If a joint petition is filed, state whether husband, wife, or both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."          If the claim is contingent, place and "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet.  Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support obligation has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after he commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

In Re   Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

□   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

□   **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

□   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

□   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.. 11 U.S.C. § 507(a)(9).

□   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

- Amounts are subject to adjustment on April 1, 2013, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

0 continuation sheets attached

B6F (Official Form 6F) (12/07) – Cont.

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding unsecured claims without priority against the debtor or the property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, or both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a chapter 7, report the total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  1351 | | | | | | | |
| HBSC POB 17332 Baltimore, MD 21297 | | | 2008 Credit Card | | | | $1077.54 |
| Account No.  9577 | | | | | | | |
| GE Money Bank POB 960061 Orlando, FL 32986 | | | 2006 Credit Card | | | | $1910.47 |
| Account No.  1595 | | | | | | | |
| Capital One POB 60599 City of Industry, CA 91716 | | | 2008 Credit Card | | | | $1826.96 |
| Account No.  1003 | | | | | | | |
| American Express POB 650448 Dallas, TX 75265 | | | 2007 Credit Card | | | | $2408.89 |

3 Continuation sheets attached

Subtotal ▶ $7,223.86

Total ▶
(Use only on last page of the completed Schedule F)
(Report also on Summary of Schedules and if applicable, on the Statistical Summary of certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) – Cont.

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  8608 <br><br> HSBC Retail <br> POB 60148 <br> City of Industry, CA 91716 | | | 2008 <br> Credit Card | | | | $3365.17 |
| Account No.  4760 <br><br> Juniper <br> POB 13337 <br> Philadelphia, PA 19101 | | | 2008 <br> Credit Card | | | | $4558.77 |
| Account No.  8184 <br><br> Beneficial <br> POB 60101 <br> City of Industry, CA 91716 | | | 2008 <br> Line of Credit | | | | $1.00 |
| Account No.  7723 <br><br> Discover <br> POB 29033 <br> Pheonix, AZ 85038 | | | 2005 <br> Misc. Purchases | | | | $5229.83 |
| Account No.  8588 <br><br> CitiBank <br> POB 6000 <br> The Lakes, NV 89163 | | | 2007 <br> Credit Card | | | | $612.46 |

Sheet 1 of 3 sheets attached to Schedule of Creditors
Holding Unsecured Nonriority Claims

Subtotal ▶   $13,767.23

Total ▶
(Use only on last page of the completed Schedule F)
(Report also on Summary of Schedules and if applicable, on the Statistical
Summary of certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) – Cont.

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors          Case No.

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  4561<br><br>Lowes/GE MB<br>POB 530914<br>Atlanta, GA 30353 | | | 2000<br>Credit Card | | | | $288.27 |
| Account No.  10-01<br><br>Sun West Bank<br>POB 927830<br>San Diego, CA 92192 | | | 2009<br>Medical | | | | $2165.33 |
| Account No.<br><br>Del Nestegard<br>415 S Blakely<br>Monroe, WA 98272 | | | 2009<br>Loan | | | | $2300.00 |
| Account No.<br><br>Judy Ward<br>9215 Mero Rd<br>Snohomish, WA 98290 | | | 2009<br>Loan | | | | $4000.00 |
| Account No.  0417<br><br>Planned Parenthood<br>2001 E Madison St<br>Seattle, WA 98124 | | | 2010<br>Medical | | | | $547.72 |

Sheet 2 of 3 sheets attached to Schedule of Creditors
Holding Unsecured Nonriority Claims

Subtotal ▶  $9,301.32

Total ▶
(Use only on last page of the completed Schedule F)
(Report also on Summary of Schedules and if applicable, on the Statistical
Summary of certain Liabilities and Related Data)

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  0153<br><br>Providence Everett Medical Clinic<br>POB 34995<br>Seattle, WA 98124 | | | 2010<br>Medical | | | | $153.97 |
| Account No.  6810<br><br>Richard Sandler MD<br>21200 72nd Ave W<br>Edmonds, WA 98026 | | | 2010<br>Medical | | | | $153.00 |
| Account No.  4657<br><br>Empi Inc<br>POB 71519<br>Chicago, IL 60694 | | | 2010<br>Medical | | | | $1.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet 3 of 3 sheets attached to Schedule of Creditors Holding Unsecured Nonriority Claims

Subtotal ▶ $307.97

Total ▶
(Use only on last page of the completed Schedule F)
(Report also on Summary of Schedules and if applicable, on the Statistical Summary of certain Liabilities and Related Data)

$30,600.38

In re   Jeremey K. Brown and Lisa M. Brown, debtors                                    Case No.

## SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

In re  Jeremey K. Brown and Lisa M. Brown, debtors                                    Case No.

# SCHEDULE H – CODEBTORS

Provide the information requested concerning any  person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within the eight year period preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In Re  Jeremey K. Brown and Lisa M. Brown, debtors          Case No.

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cased filed by joint debtors and by a married debtor in a chapter 7, 11, 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| Married | Daughter | 17 |
| | Friend | 17 |
| | Daughter | 20 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Auto Body Tech | Dental Front Office |
| Name of Employer | Sno Country Ford | Monroe Family Dentistry |
| How long employed | 20 yrs | 4.5 yrs |
| Address of Employer | 1175 Village Way, Monroe, WA 98272 | 19071 SR 2, Monroe, WA 98272 |

| INCOME: (Estimate of monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) … | $4691.96 | $3010.50 |
| 2. Estimate monthly overtime …………………………………………… | $26.57 | $25 |
| 3. SUBTOTAL ………………………………………………………… | $4,718.53 | $3,035.50 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security ……………………………………… | $541.26 | $567.63 |
| b. Insurance ……………………………………………………………… | $102.36 | $88.84 |
| c. Union Dues …………………………………………………………… | $ | $ |
| d. Other: ……….. Voluntary retirement/401(k) contributions …………………… | $ | $ |
| d. Other: ………… Mandatory retirement/401(k) contributions …………………… | $ | $ |
| d. Other: ………… Retirement loan payments ……………………………… | $ | $37.84 |
| d. Other: ………… HSA | $200 | $ |
| 5. SUBTOTAL OF PAYROLLDEDUCTIONS ………………………………… | $843.62 | $694.31 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY ………………………………… | $3,874.91 | $2,341.19 |
| 7. Regular income from operation of business or profession or farm …………………… (Attach detailed statement.) | $ | $ |
| 8. Income from real property …………………………………………… | $ | $ |
| 9. Interest and dividends ………………………………………………… | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above …………………………………………… | $ | $703.99 |
| 11. Social security or other government assistance: | $ | $ |
| | $ | $ |
| 12. Pension or retirement income …………………………………………… | $ | $ |
| 13. Other monthly income | $ | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 …………………………………… | $0.00 | $703.99 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on line 6 and 14) ……… | $3,874.91 | $3,045.18 |

16. COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15; if there is only one debtor, repeat total reported on line 15)………………………………………………………………………      $6,920.09

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income anticipated to occur within the year following the filing of this document:  None

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors          Case No.

# SCHEDULE J – CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

   Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

   □ Check this box if a joint petition is filed and debtor's spouse maintains a separate household

| | Debtor | Spouse |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) ………………………..……… | $1466.69 | $ |
|   a. Are real estate taxes included?  Yes | | |
|   b. Is property insurance included?  Yes | | |
| 2. Utilities  a. Electricity and heating fuel ………………………………………… | $312 | $ |
|          b. Water and sewer ………………………………………………….......…… | $49.11 | $ |
|          c. Telephone ……………………………………………………………… | $10 | $ |
|          d. Cable …………………………………………………………………… | $130 | $ |
|          d. Other:  Cell Phones ($250)/Garbage($40) | $290 | $ |
| 3. Home maintenance (Repairs and upkeep) ………………………………………………… | $100 | $ |
| 4. Food ……………………………………………………………………………………… | $1500 | $ |
| 5. Clothing ………………………………………………………………………………… | $150 | $ |
| 6. Laundry and dry cleaning ………………………………………………………………… | $100 | $ |
| 7. Medical and dental expenses …………………………………………………………… | $400 | $ |
| 8. Transportation (not including car payments) …………………………………………… | $500 | $ |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. …………………………… | $350 | $ |
| 10. Charitable contributions ………………………………………………………………… | $10 | $ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renters ……………………………………………… | $ | $ |
|     b. Life ……………………………………………………………………… | $10 | $ |
|     c. Health …………………………………………………………………… | $ | $ |
|     d. Auto ……………………………………………………………………… | $232 | $ |
|     e. Other: ……………………………………………………………………… | $ | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| | $ | $ |
| 13. Installment payments: | | |
|   Bank of America Second Mortgage | $510 | $ |
| | $ | $ |
| | $ | $ |
| 14. Alimony, maintenance, and support paid to others ………………………….…..………………… | $ | $ |
| 15. Payments for support of additional dependents not living at your home …………………………… | $ | $ |
| 16. Regular expenses from operation of business, profession, or farm: | | |
| | $ | $ |
| 17. Other: Housekeeping supplies ……………………………………………………… | $125 | $ |
|   Other: Personal care expenses ……………………………………………………… | $125 | $ |
|   Other:  Pet Care($250), Cigarettes($250) | $500.00 | $ |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $6,869.80 | $0.00 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
  None

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
|   a. Total projected monthly income ……………………………………………………..…… | $6,920.09 |
|   b. Total projected monthly expenses ………………………………………………………… | $6,869.80 |
|   c. Monthly net income (a. minus b.) ………………………………………………………… | $50.29 |

*[Chapter 12 and 13 Debtors Only: State amount  whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.]*
21. Total amount to be paid into plan     50.2901               monthly

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

We declare under penalty of perjury that we have read the foregoing summary and schedules, consisting of 19 sheets, and that they are true and correct to the best of our knowledge, information, and belief.

November _16___, 2010                    /s/ Jeremey K. Brown
                                         Jeremey K. Brown


November _16___, 2010                    /s/ Lisa M. Brown
                                         Lisa M. Brown

B10-119

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In Re   Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19-25.  **If the answer to an applicable question is "None," mark the box labeled "None"**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"*In business*."  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed [full-time or part-time].  An individual debtor also is [may be] "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"*Insider*."  The term "insider" includes but is not limited to: relatives of the debtor, general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1.   Income from employment or operation of business

None      State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
          the debtor's business, including part-time activities either as an employee or in independent trade or business, from the
          beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
          **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on
          the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates
          of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing
          under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
          spouses are separated and a joint petition is not filed.)

|      | AMOUNT | SOURCE | | |
|------|--------|--------|--------|--------|
| 2010 | $46,835.63 | Sno Country Ford/Monroe Auto Body | $38,390.51 | Monroe Family Dentistry |
| 2009 | $57,734.54 | Sno Country Ford/Monroe Auto Body | $32,716.69 | Monroe Family Dentistry |
| 2008 | $67,099.81 | Sno Country Ford/Monroe Auto Body | $38,744.34 | Monroe Family Dentistry |

---

### 2.   Income other than from employment or operation of business

None      State the amount of income received by the debtor other than from employment, trade, profession, or operation of the
  ■       debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a
          joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13
          must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
          petition is not filed.)

              AMOUNT      SOURCE

| | | | |
|---|---|---|---|
| 2010 | | $11,411.24 | 401(k) Dist./Child Support |
| 2009 | | $8,487.27 | Child Support |
| 2008 | | $2,027.08 | Child Support |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ■ a.    a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■ b.    b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■ c.    c. *All Debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ■ a.    List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 5.  Repossessions, foreclosures and returns

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSSURE SALE, TRANSFER OR RETURN | DESCRIPTIOIN AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6.  Assignments and receiverships

None a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS  OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless

the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

### 9. Payments related to debt counseling or bankruptcy

None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Tom S. Hyde<br>2722 Colby Ave<br>Suite 602<br>Everett, WA 98201 | 2010<br><br>2009<br><br>2009 | $575<br><br>$600<br><br>$860 for 15 months |
| Andrew Gebelt<br>12104 57th Pl SE<br>Snohomish, WA 98290 | | |
| CCCS<br>4500 East Broad St<br>Columbus, OH 43213 | | |

---

### 10. Other transfers

None
■

a. a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

---

None b. b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this
■ case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were
■ closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include
checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables
■ within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding
■ the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information
concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None List all property owned by another person that the debtor holds or controls
■

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

**15. Prior address of debtor**

None a.   a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the
■     businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

> *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

> *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

ADDRESS                   NAME USED        DATES OF OCCUPANCY

---

None b.   *All other debtor(s):* If the debtor has moved within the three years immediately preceding the commencement of
■     this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                   NAME USED        DATES OF OCCUPANCY

---

**16. Spouses and former spouses**

None   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
■    California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within the **eight-year period** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ■    a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ■    b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ■    c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18. Nature, location and name of business**

None ■    a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within he **six years** immediately preceding the commencement of this case

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO/COMPLESTE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None ■    b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed in a trade, profession or other activity, either full- or part-time.

*(an individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ■ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to which a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of the inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (specify cost, market or other basis) |
|---|---|---|

None  b.  List the name and address of the person having possession of the records of each of the two inventories reported in
■          a., above.

DATE OF INVENTORY     NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

---

### 21.  Current Partners, Officers, Directors and Shareholders

None  a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
■          partnership.

NAME AND ADDRESS          NATURE OF INTEREST   PERCENTAGE OF INTEREST

---

None  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or
■          indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS          TITLE        NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

---

### 22.  Former partners, officers, directors and shareholders

None  a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
■          preceding the commencement of this case.

NAME          ADDRESS          DATE OF WITHDRAWAL

---

None  b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated
■          within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS          TITLE   DATE OF TERMINATION

---

### 23.  Withdrawals from a partnership or distributions by a corporation

None  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
■    including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
during **one year** immediately preceding the commencement of this case.

                                           AMOUNT OF MONEY OR
NAME & ADDRESS OF RECIPIENT, RELATIONSHIP     DATE AND PURPOSE   DESCRIPTION AND VALUE
TO DEBTOR                               OF WITHDRAWAL    OF PROPERTY

---

**24. Tax Consolidation Group.**

None  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any
■    consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period**
immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION           TAXPAYER IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which
■    the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately
preceding the commencement of the case.

NAME OF PENSION FUND              TAXPAYER IDENTIFICATION NUMBER (EIN)

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any
attachments thereto and that they are true and correct.

November _16___, 2010           /s/ Jeremey K. Brown
                                      Jeremey K. Brown

November _16___, 2010           /s/ Lisa M. Brown
                                      Lisa M. Brown

B10-119

--------------------------------------------------------------------------------------------------------------------------

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any
attachments thereto and that they are true and correct to the best of may knowledge, information and belief.

Date:                       __N/A_____

                                _____
                                Print Name and Title

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In Re  Jeremey K. Brown and Lisa M. Brown, Debtors                    Case No.        Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| Creditor's Name:<br><br>B of A | Describe Property Securing Debt:<br><br>312 13th St., Gold Bar, WA  98251 |
| Property will be:<br><br>        Retained<br><br>If retaining the property, I intend to:<br><br><br><br>Property is:<br><br>        Claimed as Exempt | |

| Property No. 2 | |
|---|---|
| Creditor's Name:<br><br>B of A | Describe Property Securing Debt:<br><br>second mtg on residence |
| Property will be:<br><br>        Retained<br><br>If retaining the property, I intend to:<br><br><br><br>Property is:<br><br>        Claimed as Exempt | |

| Property No. 3 | |
|---|---|
| Creditor's Name: | Describe Property Securing Debt: |

| FMC | 2006 Ford Fusion SEL |
|---|---|

Property will be:

      Retained

If retaining the property, I intend to:



Property is:

      Claimed as Exempt

| Property No. 4 | |
|---|---|
| Creditor's Name:<br><br>Wells Fargo | Describe Property Securing Debt:<br><br>2000 Ford Explorer |

Property will be:

      Retained

If retaining the property, I intend to:



Property is:

      Claimed as Exempt

| Property No. 5 | |
|---|---|
| Creditor's Name: | Describe Property Securing Debt: |

Property will be:

If retaining the property, I intend to:

Property is:

| Property No. 6 | |
|---|---|
| Creditor's Name: | Describe Property Securing Debt: |
| Property will be: | |

If retaining the property, I intend to:

Property is:

**PART B - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)**

| Property No. 1 | | |
|---|---|---|
| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): |

| Property No. 2 | | |
|---|---|---|
| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): |

| Property No. 3 | | |
|---|---|---|
| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to |

|  |  | 11 U.S.C. § 365(p)(2): |
|---|---|---|
|  |  |  |

| Property No. 4 | | |
|---|---|---|
| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): |

| Property No. 5 | | |
|---|---|---|
| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): |

_____ continuation sheets attached (if any)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

November _16___, 2010          /s/ Jeremey K. Brown
                                                Jeremey K. Brown


November _16___, 2010          /s/ Lisa M. Brown
                                                Lisa M. Brown

B10-119